597 So.2d 862 (1992)
STATE of Florida, Appellant,
v.
R.N., a Child, Appellee.
No. 91-1932.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
Rehearing Denied May 14, 1992.
*863 Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Paolo G. Annino, Asst. Public Defender, Daytona Beach, for appellee.
PETERSON, Judge.
The state appeals the trial court's decision not to order the revocation of the Florida driver's license of R.N., a child, after finding him delinquent and placing him in a community control program. We reverse.
R.N. was charged, inter alia, with committing the delinquent act of possessing alcoholic beverages while under the age of twenty-one in violation of section 562.111, Florida Statutes (1991). R.N. pled nolo contendere, adjudication was withheld, and he was placed in a community control program until his nineteenth birthday. The trial court refused the state's request to invoke the provisions of section 562.111 which states:
(2) In addition to any other penalty imposed for a violation of subsection (1), the court shall direct the Department of Highway Safety and Motor Vehicles to withhold issuance of, or suspend or revoke, the violator's driver's license or driving privilege, as provided in s. 322.056.
Section 322.056, Florida Statutes (1991), provides:
(1) Notwithstanding the provisions of s. 322.055, if a person under 18 years of age is found guilty of or delinquent for a violation of s. 562.11(2), s. 562.111, or chapter 893, and:
(a) The person is eligible by reason of age for a driver's license or driving privilege, the court shall direct the department to revoke or to withhold issuance of his driver's license or driving privilege for a period of:
1. Not less than 6 months and not more than 1 year for the first violation.
Both of these provisions are legislative mandates directing revocation of driving privileges for a juvenile who is found delinquent for violation of section 562.111. There is no language in the statutes that allows a court to use its discretion in applying the penalty.
Indeed, the legislature may have considered this to be an effective and inexpensive method to gain the attention of juveniles  who reportedly commit almost one-half of the reported crimes in Florida. It is noted that most of the court-ordered requirements of community control (e.g., attend school, study, obey parents) are rather normal activities for most non-delinquent children of R.N.'s age, and accomplishing them is hardly a reminder of the need to avoid illegal acts. Being required to use public transportation, school buses, and bicycles, and even walking, as alternatives to the convenience of an automobile might get the attention of R.N. and other juveniles. Perhaps the inconvenience will act as a reminder to avoid illegal acts in the future.
We find no merit in R.N.'s argument that the trial court's failure to adjudicate him as a delinquent renders section 322.056 inapplicable. The statute does not require adjudication but requires only a finding of delinquency. By entering a plea of nolo contendere, R.N. did not contest *864 committing the delinquent act. The court could not have placed R.N. in a community control program without having found him to be delinquent. See § 39.053(2), Fla. Stat. (1991).
Accordingly, we reverse the decision of the trial court and remand this cause for imposition of the revocation of R.N.'s driving privileges pursuant to section 562.111(2).
REVERSED and REMANDED.
COWART and HARRIS, JJ., concur.